IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLAKE WYLAND,

    Plaintiff,

v.

W.W. GRAINGER, INC.; IMPERIAL SUPPLIES, LLC; and DAYTONA ABRASIVES, INC.; and MARATHON SALES, INC.,

    Defendants.

---

W.W. GRAINGER, INC., and IMPERIAL SUPPLIES, LLC;

    Third-Party Plaintiffs,

v.

MARATHON SALES, INC.

    Third-Party Defendant.

Case No. 3:13-cv-00863-AA
OPINION AND ORDER

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Blake Wyland filed an amended complaint and alleged strict liability and negligence claims against Marathon Sales, Inc. (Marathon). In response, Marathon then asserted a counterclaim of common law indemnity against third-party plaintiffs W.W. Grainger, Inc. (WWG) and its wholly-owned subsidiary, Imperial Supplies, LLC (Imperial). WWG and Imperial then sought dismissal of Marathon's counterclaim, which the Court denied. WWG and Imperial now move for summary judgment on grounds that Marathon's claim is precluded by the Oregon Supreme Court's opinion in Eclectic Investment, LLC v. Patterson, 357 Or. 25, 39 346 P.3d 468, 476 (2015). The motion is granted in part and denied in part.

## BACKGROUND

Marathon is in the business of importing, packaging, distributing, and selling abrasives, including cut-off wheels and other fleet maintenance products. Imperial is also in the business of importing, packaging, distributing, and selling abrasives. Imperial and/or WWG entered into a business arrangement with Marathon, pursuant to which Imperial purchased cut-off wheels from Marathon. Marathon, in turn, purchased the cut-off wheels from a manufacturer in China and repackaged them before selling the wheels to customers such as Imperial.

2 - OPINION AND ORDER

On April 26, 2011, while performing work as a mechanic for YRC Worldwide, Inc., plaintiff was using a grinder with a cut-off wheel purchased from Imperial. When plaintiff turned the grinder on, the cut-off wheel began to spin rapidly and broke apart. Shards of the cut-off wheel penetrated his protective face shield, hitting plaintiff in the right eye and causing severe injuries.

On April 17, 2013, plaintiff filed a complaint in Multnomah County Circuit Court, alleging claims for strict products liability and negligence against Imperial, WWG, and Daytona Abrasives, Inc. Imperial and WWG removed the case to federal court.

On August 7, 2013, Imperial and WWG filed a third-party common law indemnity claim against Marathon; Marathon filed no counterclaims against Imperial or WWG at that time. Plaintiff subsequently settled his claims against Imperial and WWG and sought to amend his complaint to assert strict liability and negligence claims against Marathon.

This Court allowed the amendment over Marathon's objections. In his amended complaint, plaintiff alleges that Marathon was negligent and should be held strictly liable for his injuries, because Marathon did not inspect the cut-off wheels prior to selling them, knew or should have known the cut-off wheels were

3 - OPINION AND ORDER

defective, and failed to warn customers of the potential risks. Marathon denies plaintiff's allegations and asserts a common law indemnity claim against WWG and Imperial. To date, Imperial and WWG have not sought to dismiss their third-party claim against Marathon.

On November 13, 2014, WWG and Imperial sought to dismiss Marathon's cross-claim for common-law indemnity on the grounds that (1) it was procedurally improper and (2) it failed on the merits; the motion was denied. They now move for summary judgment on Marathon's cross-claim based on the Oregon Supreme Court's recent decision in Eclectic.

## DISCUSSION

WWG and Imperial argue that the Oregon Supreme Court's recent interpretation of Oregon's comparative fault scheme necessarily and completely precludes Marathon's counter-claim for common-law indemnity as a matter of law. It does not.

Twenty years ago, the Oregon legislature changed the state's comparative negligence scheme eliminating joint and several liability. See Lasley v. Combined Transp., Inc., 351 Or. 1, 19, 261 P.3d 1215, 1226 (2011)(citing Or. Laws 1995, ch. 696, §§ 1-5 (Spec. Sess.)). Instead, under Or. Rev. Stat. §31.610, "a tortfeasor is responsible only for its percentage of fault as determined in the action brought by the plaintiff." Id. The

4 - OPINION AND ORDER

Oregon Supreme Court in Lasley held that the current statutory scheme limits a defendant from "bring[ing] a contribution action to seek a different determination of its percentage of fault." Lasley, 351 Or. at 21. Rather, contribution is available only to a defendant who, after fault-apportionment, has "paid more" than its "proportional share of the common liability." Id. at 19. The court asserted that a defendant may, instead, ensure that any truly liable party is accounted for by "fil[ing] a third-party complaint." Id. at 22 (citations omitted).

The Court's recent holding in Eclectic similarly addressed how common-law indemnity fits into Oregon's comparative fault scheme. 357 Or. at 36-38. The Court held that, much like contribution, a claim of common-law indemnity is unnecessary and unjustified "in cases. . . in which jurors allocate fault" pursuant to Or. Rev. Stat. § 31.605, which allows any party to pose special questions to a fact-finder as to each party's degree of fault. See id. at 38.

Thus, WWG and Imperial correctly argue that the Court's holding in Eclectic abrogates the necessity for Marathon's counterclaim as it applies to plaintiff's claim for negligence, provided a jury is asked to apportion fault.[1] In this regard

---

[1] Allocation of fault must be made by a fact-finder at the request of a party. Or. Rev. Stat. § 31.605. At this time, no allocation has been made, nor can it be prior to trial. But see Decl. of Daniel S. Hasson in Supp. of Mot. for Summ. J. ¶ 5. (requesting allocation of fault)

5 - OPINION AND ORDER

only, the motion is granted. I also note that Imperial and WWG's third-party claim against Marathon would be likewise precluded with respect to negligence.

Unlike the plaintiff in <u>Electic</u>, plaintiff also asserts a claim for strict liability. Separate from negligence, "the rationale behind Oregon's strict liability is not based on negligence or fault." <u>Brown v. Link Belt Corp.</u>, 565 F.2d 1107, 1113 (9th Cir. 1977). In <u>Eclectic</u>, the Court noted that "[c]ourts are reluctant to permit apportionment of damages in cases in which. . .liability results from the manufacture of an unreasonably dangerous product." 357 Or at 37 n. 7. (referencing a line of cases before the Kansas Supreme Court in which a product's manufacturer and distributor were parties.) Similarly, the Oregon Legislature set product liability apart from all other torts claims covered by comparative fault. Under Or. Rev. Stat. § 30.900., manufacturers, sellers, and lessors are subject to such strict liability claims. <u>See</u> <u>also</u> Or. Rev. Stat. §30.920 (when the seller or lessor of a product is liable).

Thus, Marathon is correct that plaintiff's strict liability claim is an exception to <u>Eclectic</u>. While, it is unclear whether the Oregon Supreme Court intended to address only the manufacture of unreasonably dangerous products, both the Court

6 - OPINION AND ORDER

and the legislature acknowledge the distinction between strict liability and common-law negligence. It is inappropriate for this Court to extend the holding in <u>Eclectic</u> to Marathon's claim for common-law indemnity for plaintiff's claim of strict liability; in this regard, the motion is denied.

## CONCLUSION

WWG and Imperial's Motion to Dismiss Marathon's counter-claim (doc. 55) is DENIED in part and GRANTED in part. Oral argument is also denied as unnecessary. The parties shall contact Paul Bruch, Courtroom Deputy for the Honorable Thomas Coffin, United States Magistrate Judge, at 541-431-4111 to schedule a judicial settlement conference.

IT IS SO ORDERED.

Dated this 10th of June, 2015.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER